**FILED**
April 01, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: ___NM___
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ADRIANA CASTRO <br>     Plaintiff, <br><br> V. <br><br> QBE INSURANCE CORPORATION, <br>     Defendant. | § <br> § <br> § <br> § <br> §   CIVIL ACTION NO. 5:20-cv-00260-JKP <br> § <br> § <br> § <br> § <br> § |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, ADRIANA CASTRO, and files First Amended Complaint against Defendant QBE INSURANCE CORPORATION ("QBE" or "Defendant"), and for causes of action would respectfully show the Court the following:

### I. PARTIES

1. Plaintiff resides in BANDERA County, Texas.

2. Defendant QBE INSURANCE CORPORATION is in the business of insurance in the State of Texas. The insurance business done by QBE in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.



Plaintiff's Exhibit A

3. Defendant, QBE INSURANCE CORPORATION, is a fire and casualty insurer doing business in the State of Texas licensed with the Texas Department of Insurance.

4. Defendant QBE INSURANCE CORPORATION has made an appearance in this suit and pursuant to the Federal Rules of Civil Procedure, may be served through its counsel of record.

## II. JURISDICTION

5. Plaintiff filed this lawsuit in the 198th Judicial District of Bandera County, Texas. Defendant removed the case to federal court based on diversity jurisdiction based on 28 U.S.C. §1332(a).

6. Plaintiff is a citizen of Texas.

7. Defendant is a Pennsylvania corporation with its principal place of business in New York, New York.

8. The amount in controversy exceeds $75,000.

## III. STATEMENT OF FACTS

9. Plaintiff owns a home located at 690 Blue Bill Cove, Lakehills, Texas 78063. At all relevant times, the property was covered by a QBE homeowners insurance policy number QHP4192618 ("the Policy"). The Policy covered Plaintiff's home against loss by fire and smoke damage, among other perils. On or about December 29, 2018, Plaintiff's property was severely damaged by smoke and fire. The fire department concluded the fire caused a total loss to the home. Moreover, any reasonable person would have recognized that the damage was a total loss under the QBE policy. However, Defendant wrongly concluded that the home could be repaired for a minimal amount of money causing further damage to Plaintiff.

10. Plaintiff gave timely notice of the damage to Defendant, and otherwise performed all conditions precedent to her recovery under the Policy. Defendant assigned the claim to an

adjusting company, among others, to investigate, report on and adjust the loss. As requested by Defendant, Plaintiff provided information to the adjusters and opportunities for the adjusters to inspect the property.

11.     Defendant does not dispute that the loss is covered under her policy.  As a result of the fire, Plaintiff was forced to move out of her home.  Defendant initially paid for Plaintiff's additional living expenses.  However, Defendant and its adjusters ignored the significance of the damage to Plaintiff's house and made a number of insufficient piecemeal payments based on an inadequate and incomplete investigation and insufficient estimates for repair of the structure. Rather than correctly recognizing that the fire rendered the house a total loss, Defendant used its "power of the purse" to wrongfully control the method and manner of repair, and to avoid paying Plaintiff full Policy benefits from the inception as required by the liquidated damage provision of the policy.  As a result of the piecemeal and inadequate payments of Policy benefits, Plaintiff was forced to attempt repair of the structure rather than using the policy limits from the beginning to demolish and rebuild her home.

12.     Plaintiff did the best that she could with the insufficient funds and hired a contractor to make the repairs.  The contractor had to use substandard materials, cut corners and ignore fire and smoke damage in order to effectuate the scope of repairs dictated by the Defendant and its adjusters. Defendant also unilaterally determined that Plaintiff had sufficient time to address the covered fire and smoke damage to her house, cut off payments for Plaintiff's additional living expenses, and forced her to move back into her home.

13.     When Plaintiff's contractor completed the scope of repairs designated by Defendant and its adjusters, Plaintiff still has fire and smoke damage to her home.  For example, because of the insufficient funds, Plaintiff's contractor was forced to install sheetrock and other building

material over fire and smoke damaged framing. This left the appearance of a properly repaired home, but in reality the repairs only masked the underlying damage. To return Plaintiff's home to its pre-loss condition, it will require the removal and replacement of the completed work as well as finally addressing all of the original damage from the fire. In other words, despite spending the policy benefits on repairs, Plaintiff's home is still a total loss.

14. Defendant's piecemeal adjustment of Plaintiff's claim was designed to avoid the application of the "Liquidated Demand" provision of the Policy and payment of full Policy limits necessary to adequately compensate Plaintiff for her covered loss immediately after the fire. The purpose of the Liquidated Demand provision it for a carrier to immediately pay out policy limits on a total loss to avoid the exact situation that occurred in this case. Had Defendant timely paid the policy limits, Plaintiff could have demolished her home and used the policy benefits to rebuild it properly. Defendant's failure to acknowledge that the home was a total loss exacerbated the situation, causing Plaintiff additional harm and damage. Her home has not been restored to its pre-loss condition, and Defendant's wrongful adjustment of the loss created, in effect, a wasting of the Policy benefits.

15. After this lawsuit commenced, QBE invoked the appraisal provision of the Policy. The appraisal panel issued an award on October 19, 2021. The appraisal award confirms that the fire rendered the house a total loss, and Defendant should have paid full Policy limits so that Plaintiff could rebuild her house immediately after the loss. While Defendant has paid the remaining balance of the Policy limits after the appraisal award, it has yet to fully compensate Plaintiff in a manner that allows her to return her house to its pre-loss condition.

16. In addition, Defendant has failed to fully compensate Plaintiff for the damage to her personal property that was damaged by the fire. Plaintiff is likewise entitled to further

Additional Living Expense benefits under the Policy during the time she anticipates that she will be displaced when her home is fully restored.

### IV.   CLAIMS AGAINST QBE INSURANCE CORPORATION

17. **Declaratory Judgment.**  Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provides coverage for the cost to repair the damaged property and personal property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against the Defendant.

18. **Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of the Defendant and its agents constitute a breach and/or anticipatory breach of the Defendant's contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Specifically, Defendant breached the Liquidated Demand provision of the policy and failed to fully and timely pay Plaintiff for the damages covered under her policy. Accordingly, Plaintiff brings an action for breach of contract against the Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seek all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

19. **Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Defendant and its agents constitute one or more violations of the Texas Insurance Code. More specifically, Defendant has, among other violations, violated the following provisions of the Code:

   a.   Insurance Code chapter 542, the Prompt Payment Act.

      b.  Insurance Code § 541.060:

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims with respect to which their liability has become reasonably clear; and

- refusing to pay Plaintiff's claims without conducting a reasonable investigation.

20.    As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.  Defendant has also violated the Prompt Payment Act, and Plaintiff seeks a penalty in the amount allowable by statute, plus reasonable and necessary attorney's fees incurred as a result of these violations.

21.    **<u>"Common Law Bad Faith."</u>** Plaintiff re-alleges the foregoing paragraphs. The Defendant has refused to pay or delayed in paying a claim after liability has become reasonably clear. The Defendant has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. Specifically, Defendant's failed to recognize the damage to Plaintiff's home as a total loss immediately after the fire. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

22.    Moreover, the Defendant has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiff is entitled to extra-contractual damages, including exemplary or treble damages. Plaintiff has sustained serious damage to her property as a result of the Defendant's refusal to honor the Policy. The Defendant was well aware that its actions involved an extreme risk that Plaintiff would suffer financial

damage as a result of its refusal to honor its obligations, yet it was consciously indifferent to Plaintiff's rights. Plaintiff is entitled to recover her actual damages, consequential damages, punitive damages, and pre- and post-judgment interest.

23. **Attorney's fees.** Plaintiff re-alleges the foregoing paragraphs. Plaintiff has been required to engage the services of the undersigned attorneys and have agreed to pay her attorneys a reasonable fee for services expended and to be expended in the prosecution of her claims against the Defendant through the trial court and all levels of the appellate process. Plaintiff seeks the recovery of all of her attorney's fees and expenses.

24. With respect to all causes of action asserted herein, Plaintiff seeks the recovery of prejudgment and post-judgment interest.

## V. CONDITIONS PRECEDENT

25. All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

## VI. JURY DEMAND

26. Plaintiff requests that a jury be convened to try the factual issues in this action.

## VII. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A. The Court's declaration that the Policy provides coverage for the damage to the property, less only a deductible;

B. Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C. Damages against the Defendant for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D. Damages for violations of the Prompt Payment Act;

E. Damages against the Defendant for other violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

F. Damages against the Defendant for common law breach of the duty of good faith and fair dealing, including actual damages, consequential damages, punitive damages and pre- and post-judgment interest; and

G. Plaintiff also seeks all other financial relief and rulings to which she may be legally or equitably entitled.

Respectfully submitted,

/s/ Matthew R. Pearson

MATTHEW R. PEARSON
State Bar No. 00788173
mpearson@pearsonlegalpc.com
CARRIE D. HOLLOWAY
State Bar No. 24028270
cholloway@pearsonlegalpc.com
PEARSON LEGAL PC
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 732-7766
Facsimile: (210) 229-9277

And

                    ALFREDO Z. PADILLA
                    State Bar No. 15405800
                    padillaattorney@sbcglobal.net
                    104 N. 5TH Street
                    P.O. Drawer 355
                    Carrizo Springs, Texas 78834
                    Telephone: (830) 876-9123
                    Facsimile:   (830) 876-9531

                    **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent on this **31st** day of **March**, **2022**, addressed to those who do not receive notice from the Clerk of the Court.

Carter Ferguson
Jerrod L. Rinehart
Brackett & Ellis, P.C.
100 Main Street
Fort Worth, Texas 76102-3090
cferguson@belaw.com
jrinehart@belaw.com
*Counsel for Defendant QBE Insurance Corporation*

                                                            */s/ Matthew R. Pearson*
                                                            MATTHEW R. PEARSON